By the Court:
This was an action of forcible detainer, tried to a jury before a justice of the peace, and it is assigned for error, among other things, that the judgment of the justice was not rendered till the third day after.the return of the verdict by the jury. There was no error in this. The provision of the statute (1 S. & C. 788, sec. 107) requiring the justice “ immediately ” to render judgment upon return of the verdict does not apply to a case of forcible entry or detainer. The provision applicable to the case is the 135th section of the same statute (p. 793), which authorizes the justice to “render such judgment as if the facts . . . had been found to be true by himself.” Where the facts are found by the justice himself, there is no law requiring him to render his judgment immediately.
Another question raised by the assignments of error is. *336 whether the complainant’s notice to the defendant to leave the premises, in cases where the defendant is a tenant in possession, may be served before the expiration of his term. The notice was served on the 31st of May, the term expired on the 30th of June, and the action was commenced on the 2d of July. We think the justice rightly held that the notice was sufficient.

Motion overruled.